WESTERN MASSACHUSETTS INSURANCE COMPANY v. SAME DEFENDANTS,

In which the controlling question was the same as in the case just reported—a question which the court said that they did not propose to reconsider. This second case had been adjudged be-

---

[*] Vide Heebner v. Eagle Insurance Company, 10 Gray, 143.

low, before the other one, and not on a finding of facts by the court, but on a verdict by a jury; the issues of fact being submitted to it under instructions from the court.

In this second case the policy provided that the loss or damage should be estimated according to the true and actual cash value of the said property "at the time the fire should happen;" and evidence of the value of the steamer before the collision took place having been offered by the owners of the steamer, the insurance company objected to it, and on their objection it was excluded.

Evidence was allowed to be given against the defendants' objection, to show how much it cost to raise the steamer, and $22,500 were allowed; the value of the wreck when recovered

The plaintiff based his estimate of damages upon the cost of repairing and restoring the vessel to her former condition, exclusive of the amount properly chargeable to the collision.

The judge charged, that the main question for the jury to determine was whether the loss sustained by the plaintiffs was the natural, necessary, and inevitable consequence of the fire. Then, after referring to the facts as proved, he added:

"The question is, would the steamer have gone to the bottom but for the fire ? This is a vital question, and must be decided by the jury before the plaintiff can recover. You will say, in view of the evidence, whether she would have gone to the bottom or only settled down to her promenade deck and remained suspended in the water but for the effect produced by the fire. If she would not have sunk but only settled in the water to the promenade deck, except for the effect of the fire in reducing her floating capacity, then the plaintiffs are entitled to recover."

As to the damages, after stating the plaintiffs' base of estimate, he said:

"You will determine upon the evidence whether in your judgment the repairs that were put upon her enhanced her value beyond her cash value before the commencement of the fire. If they did, you will deduct from the damage you find proved a sum equal to such increase of value."

The jury found for the plaintiffs, and judgment went accordingly.

*The case was argued by the same counsel as the preceding one;* the objection by the counsel of the insurance company, plaintiffs in error, being to the charge on the main question, to the instruction as to damages and on the admission of the evidence to show how much it cost to raise the steamer, which the learned

counsel contended that the defendants could not in any event be liable for, the rule of damages being fixed in the policy.

Mr. Justice STRONG delivered the opinion of the court.

As the issues of fact in this case were submitted to a jury, it is to be considered whether they were submitted with proper instructions.

It is complained that the Circuit Court instructed the jury that the way to determine the question whether the insurers were liable was to consider and determine whether the steamer would have sunk except for the effect of the fire. This is hardly a fair statement of the manner in which the case was submitted. The charge must be taken, not in detached portions, but according to its general tenor and effect. That what the judge did charge, was, in our opinion, proper instruction, is sufficiently shown by what we have said in the case just decided. We have also shown that the policy contained no implied exception against the consequences of any marine peril.

The only other thing which need be noticed is the allegation of the plaintiffs in error that the jury were instructed to ascertain the amount of the damage, not by reference to the actual cash value of the subject, but by the cost of restoration. If this complaint were founded in fact, it would call for a reversal of the judgment, for the policy stipulated that loss or damage should be estimated according to the true and actual cash value of the property at the time the same should happen. But when the insured offered evidence to prove what was the actual cash value of the steamer before the collision, from which the damage caused by the collision might have been deducted, and thus the cash value of the property at the time when the fire attacked it might have been ascertained, the plaintiffs in error objected and the evidence was excluded. There remained, then, no way of establishing the cash value except by ascertaining the cost of restoration to the condition in which the steamer was before the fire. This was allowed, but the jury were instructed that if the cost of repairs exceeded the damage done by the fire they should deduct the excess. It is plain, therefore, that under such instructions the loss of the assured must have been measured by the standard provided in the policy.

It is sufficient to say of the admission of evidence to prove how much it cost to raise the steamer, that if it was erroneous

it did no harm. The value of the boat when raised was proved to have been exactly equal to the cost of raising her, and the insurers had the benefit of it.

Nothing need be said of the other exceptions. They were not pressed in the oral argument, or in the printed briefs, and they exhibit no error.

JUDGMENT IS AFFIRMED