79 U.S. 201 (____)
12 Wall. 201
WESTERN MASSACHUSETTS INSURANCE COMPANY
v.
TRANSPORTATION COMPANY.
Supreme Court of United States.

*203 Mr. Justice STRONG delivered the opinion of the court.
As the issues of fact in this case were submitted to a jury, it is to be considered whether they were submitted with proper instructions.
It is complained that the Circuit Court instructed the jury that the way to determine the question whether the insurers were liable was to consider and determine whether the steamer would have sunk except for the effect of the fire. This is hardly a fair statement of the manner in which the case was submitted. The charge must be taken, not in detached portions, but according to its general tenor and effect. That what the judge did charge, was in our opinion, proper instruction, is sufficiently shown by what we have said in the case just decided. We have also shown that the policy contained no implied exception against the consequences of any marine peril.
The only other thing which need be noticed is the allegation of the plaintiffs in error that the jury were instructed to ascertain the amount of the damage, not by reference to the actual cash value of the subject, but by the cost of restoration. If this complaint were founded in fact, it would call for a reversal of the judgment, for the policy stipulated that loss or damage should be estimated according to the true and actual cash value of the property at the time the same should happen. But when the insured offered evidence to prove what was the actual cash value of the steamer before the collision, from which the damage caused by the collision might have been deducted, and thus the cash value of the property at the time when the fire attacked it might have been ascertained, the plaintiffs in error objected and the evidence was excluded. There remained, then, no way of establishing the cash value except by ascertaining the cost of restoration to the condition in which the steamer was before the fire. This was allowed, but the jury were instructed that if the cost of repairs exceeded the damage done by the fire they should deduct the excess. It is plain, therefore, that under such instructions the loss of the assured must have been measured by the standard provided in the policy.
It is sufficient to say of the admission of evidence to prove how much it cost to raise the steamer, that if it was erroneous *204 it did no harm. The value of the boat when raised was proved to have been exactly equal to the cost of raising her, and the insurers had the benefit of it.
Nothing need be said of the other exceptions. They were not pressed in the oral argument, or in the printed briefs, and they exhibit no error.
JUDGMENT IS AFFIRMED.