NEW YORK AND BOSTON DESPATCH EXPRESS COMPANY & others *vs.* TRADERS' AND MECHANICS' INSURANCE COMPANY.

Suffolk.    March 13. — June 21, 1883.    DEVENS & W. ALLEN, JJ., absent.

A steamboat, on which were goods insured against "immediate loss by fire," came into collision with another steamboat. Soon after the collision, a fire, caused by the collision, broke out, which prevented the saving of the goods. The vessel subsequently sank, with the goods insured, before they were touched by the fire. In an action on the policy of insurance, the parties agreed that, in case of recovery by the plaintiff, the amount should be a sum stated, unless it should appear on proper evidence that this amount should be changed. The judge excluded the evidence of an expert, offered by the defendant, that the goods in the situation they were then in, in a sinking boat, were of no value; and instructed the jury that, if they found that this was a loss by fire within the terms of the policy, they should find as damages the sum agreed upon. *Held*, that the defendant had no ground of exception.

CONTRACT upon a policy of insurance, by which the defendant insured the plaintiffs for one year from August 8, 1879, " against all such immediate loss or damage as may occur by fire " to merchandise on board either of the steamboats of the Providence and Stonington Steamship Company. After the former decision, reported 132 Mass. 377, the case was tried in the Superior Court, before *Gardner*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiff introduced evidence tending to show that the goods covered by the policy were on the steamboat Narraganset, of the Providence and Stonington Steamship Company, to be carried from New York to Boston, via Stonington ; that on the night of June 11, 1880, the Narraganset came in collision with the steamboat Stonington, by which a large opening was stove in the side of the Narraganset ; that she sank in half an hour or an hour afterwards, and the goods were carried down with her ; that, immediately after the collision, fire broke out on board the Narraganset, which prevented the saving of the goods, either by running the boat ashore to prevent her being sunk below the main deck, on which the goods were, in time to save them, or by being removed from the boat by other boats then in the neighborhood of the Narraganset, or by closing the break and using the pumps. There was evidence introduced by the defendant tending to show that the boat sank in eight or ten minutes after the collision.

The goods were injured by the water only, and that by the final sinking of the steamship, and only by the water in which they sank. The execution of the policy and the proof of loss were admitted. The parties stipulated that, in case of recovery by the plaintiff, the amount should be $768.25, with interest from August 20, 1880, unless it should appear on proper evidence that this amount should be changed. There was much conflicting evidence introduced, on both sides, tending to show the length of time after the fire broke out before the boat sank.

The defendant contended, first, that the loss was not a loss by fire within the terms of the policy ; and, second, that if the loss was shown by the plaintiff to be a loss by fire within the terms of the policy, then by its contract the defendant was liable only

for damages reckoned on the value of the goods at the time the fire broke out, in the situation they were then in, being upon a sinking boat.

The defendant produced a witness, against whom no objection was made that he was not competent, as an expert, to testify as to that fact, and offered to show by him that the goods in the situation they then were in, in a sinking boat, were of no value, actual, merchantable or insurable.   To this evidence the plaintiff objected; and the judge ruled that no proof upon that point, to wit, the peculiar value of the goods in that situation, could be introduced; to which ruling the defendant excepted.

The judge also instructed the jury, that, if they found that this was a loss by fire within the terms of the policy, they should find as damages the sum agreed upon to be the damage to the goods, no evidence having been introduced to affect the terms of that agreement.

The jury returned a verdict for the plaintiff for $768.25, with interest from August 20, 1880; and the defendant alleged exceptions.

*S. H. Phillips,* for the defendant.

*J. P. Treadwell & E. P. Usher,* for the plaintiff.

FIELD, J.   The exceptions find that " the parties stipulated that, in case of recovery by the plaintiff, the amount should be $768.25, with interest from August 20, 1880, unless it should appear on proper evidence that the amount should be changed."

The defendant offered to show the " peculiar value " of the goods in a sinking boat, such as it contended this was at the time the fire broke out; and it contended that the goods in the situation they were then in were of no value.   The court ruled that " no proof upon that point could be introduced; to which ruling the defendant excepted."

The jury must have found that the loss was by fire as the immediate and efficient cause.   As the goods were not touched or damaged directly by fire, and were not damaged by water until the steamer sank with the goods on board, there was no occasion to apply the rule of damages which prevails when there are two concurrent causes of loss.   The actual loss was wholly either by the fire or by the collision, and by which, as the proximate efficient cause, it was for the jury to determine. *New York*

*Express Co.* v. *Traders' Ins. Co.* 132 Mass. 377. *Insurance Co.*
v. *Transportation Co.* 12 Wall. 194. ' *Western Massachusetts Ins.
Co.* v. *Transportation Co.* 12 Wall. 201. It would seem that the
opinions of experts upon what was the immediate and efficient
cause of the loss would have been inadmissible, although there
might be incidental questions upon which they would have
been admitted. *Milwaukee & St. Paul Railway* v. *Kellogg*, 94
U. S. 469. It is difficult to understand what evidence of the
peculiar value of the goods, in the situation they were in at the
time the fire broke out, could be offered, that would not involve
an opinion upon the probability of the goods being lost, in the
manner they were, by reason of the collision, if the fire had not
occurred; but if there were evidence, in other respects compe-
tent, of this peculiar value, still, if the jury had found that the
goods would have been lost in the manner they were, in conse-
quence of the collision, if the fire had not occurred, then on the
evidence they could not have found that the loss was caused by
fire, and the verdict must have been for the defendant; because
the goods were not burned, and the collision was not caused by
the fire. If the jury found that the goods would have been
saved but for the fire, and that therefore the actual loss in this
case would not have happened but for the fire, then evidence
that they might have been subjected to some partial injury in
saving them, or to some claim for salvage, is too conjectural
and uncertain to affect the rule of damages. If the goods had
been actually destroyed by burning, under such circumstances
that, if they had not been burned, they must inevitably have
been totally lost by the steamer's sinking in consequence of
the collision, then the question would have arisen, whether the
" actual cash value at the time of the fire " must not be estimated
with reference to the liability of total loss in consequence of
the collision. But in our opinion that question does not prop-
erly arise in this case, and the ruling of the Superior Court was
correct.

A majority of the court are of opinion that the
*Exceptions must be overruled.*