LYNN GAS AND ELECTRIC COMPANY *vs.* MERIDEN FIRE INSURANCE COMPANY & others.

Essex. January 17, 18, 1893. — April 4, 1893.

Present: FIELD, C J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Contract — Fire Insurance — " Loss or Damage by Fire " — Proximate Cause of Loss.*

A building and machinery used for generating electricity for electric lighting were insured against loss or damage by fire, and the jury found that the fire caused a " short circuit " of the electric current, which resulted in great damage to the machinery in a part of the building not reached by the fire. *Held*, that the injury to the machinery caused in this way was a " loss or damage by fire," within the meaning of the policy.

CONTRACT, against several insurance companies, upon concurrent policies of the Massachusetts standard form, insuring the building and machinery of the plaintiff against loss or damage by fire. The several suits were tried together, and, by agreement of the parties, the exceptions and record were printed in one action only, the other suits standing continued to await and abide by the decision of this court on the exceptions. At the trial, before *Hammond, J.*, it appeared that within the period for which the policies were written a fire occurred in the wire tower, so called, of the plaintiff's building, through which the wires for electric lighting were carried from the building, which fire was speedily extinguished, without contact with other parts of the building and contents, and with slight damage to the tower or its contents; that at about the same time, and in a part of the building remote from the fire and untouched thereby, there occurred a disruption by centrifugal force of the fly-wheel of the engine and of certain pulleys connected therewith, by which disruption the plaintiff's building and machinery were damaged to

a large amount.   The theory of the plaintiff, connecting the disruption of the machinery with the fire in the tower, as stated by the presiding justice in his charge to the jury, was as follows:

"The plaintiff says the position of the lightning arresters in the vicinity of the fire was such that by reason of the fire in the tower a connection was made between them called a short circuit; that the short circuit resulted in keeping back or in bringing into the dynamo below an increase of electric current that made it more difficult for this armature to revolve than before, and caused a higher power to be exerted upon it, or at least caused a greater resistance to the machinery; that this resistance was transmitted to the pulley by which this armature was run, through the belt; that that shock destroyed that pulley; that by the destruction of that pulley the main shaft was disturbed and the succeeding pulleys up to the jack-pulley were ruptured; that by reason of pieces flying from the jack-pulley, or from some other cause, the fly-wheel of the engine was destroyed, the governor broken, and everything crushed; — in a word, that the short circuit in the tower by reason of the fire caused an extra strain upon the belt through the action of electricity, and that caused the damage.   The plaintiff contends that the short circuit was effected by the fire, either by means of the heating of the air between the horns of these lightning arresters, or by the heating of the horns themselves, so that they came nearer, or by the action of the flame itself acting as a conductor between the two horns, or by the lodging between the two horns of partially consumed wood in the nature of charcoal; — that either by one or by all of these causes, of course it is impossible to say which, this short-circuiting was effected."

The defendants introduced evidence tending to show that the slipping of a belt was the cause both of the fire in the tower and of the disruption of the machinery, and that a defective pulley might have contributed to cause the disaster.

At the conclusion of all the evidence, the defendants asked for the following instructions, with others, to the jury:

"1.  The defendants are not liable, under their policies, for damage by disruption of machinery, unless fire was the immediately operating cause of such disruption.

"2.  If the action of fire in the tower of the plaintiff's build-

ing was inadequate to produce the disruption without the intervention of some other and nearer cause, then the fire was not the proximate cause of such disruption, and the defendants are not liable therefor.

" 3. The defendants do not insure the condition or working of the plaintiff's machinery. If the disruption of machinery and wreck of building would not have occurred but for some defect in the plaintiff's machinery, or some failure of such machinery to perform its office, such defect or failure not being occasioned by the fire, such defect or failure was the immediate cause of the damage, and the defendants are not liable therefor.

" 4. Damage by disruption, independently of fire, is not a damage for which underwriters are liable under policies against damage by fire. If the damage by disruption for which the plaintiff claims was not occasioned by the direct action of fire, but was a consequence of. defective machinery, or of neglect of the engine by a servant of the plaintiff, such defect or · neglect was in law the proximate cause of such damage, and the defendants are not liable therefor."

The presiding justice, however, refused to give these instructions; and, after stating the theories advanced by the plaintiff and defendants, instructed the jury, so far as is material to the present case, as follows :

" I instruct you as the law of this case, that if you are satisfied that by action of the fire this short-circuiting was effected in the tower, and that the short-circuiting in the tower was the cause of the crash below, ·the loss is a loss or damage by fire within the meaning of the policy, and that it is not necessary that you should be satisfied that anything below was burning. If you are satisfied that the short-circuiting was caused by the fire in the tower, and would not have existed but for that fire, whether it be caused by flame, by the interposition of partially consumed particles of wood falling from the burning substance, by the heated air, or by the heating of the lightning arresters, that is. if the short circuit occurred and was caused by the action of the fire in any one of those ways and would not have occurred but for the fire, and that the short-circuiting in the tower was the cause of the crash below, then the crash below is to be attributed to fire within the meaning of the

policy, and the damage is a damage by fire within the meaning of the policy, and that this is so although you may be satisfied that the pulleys were defective, and if not so would not have burst, but would have withstood the strain caused by the short-circuiting.   And I rule, as matter of law, that if the damage was caused in that way it was a loss or damage by fire. . . . It is not necessary that you should be satisfied the defendants' theory is correct in order to find for the defendants, but you must be satisfied that the plaintiff's theory is correct in order to find for the plaintiff, and if you are in doubt as to which way the evidence preponderates on this claim of the plaintiff your verdict should be for the defendants.   You are not here to ascertain the cause of that fire except to this extent, namely, whether the plaintiff's view of the cause is correct or not."

At the conclusion of the charge the presiding justice said to the counsel for the defendants, " You except to my instruction that if the jury find the plaintiff's theory correct they are to recover for the damage below ? " to which the defendants' counsel replied, " The substantial difference we have on the law is that we claim that proximate causes intervened, for the operation of which we are not liable; and we desire to except to your honor's refusal to give the instructions asked by us in regard thereto, and to so much of your honor's charge as is inconsistent therewith."

The jury found for the plaintiff for the full damage arising from the disruption of the machinery, and the defendants alleged exceptions to the refusal of the court to give the four instructions above set forth, and to such parts of the instructions given as were inconsistent with said four requests.

*S. Lincoln & J. D. Bryant*, for the defendants.

*W. H. Niles*, for the plaintiff.

KNOWLTON, J.   The only exception relied on by the defendants in these cases is that relating to the claim for damage to the machinery used in generating electricity and to the building from a disruption of the machinery.   This machinery was in a part of the building remote from the fire, and none of it was burned.   In his charge to the jury the judge stated the theory of the plaintiff as follows: " The plaintiff says the position of the lightning arresters in the vicinity of the fire was

such that by reason of the fire in the tower a connection was made between them called a short circuit; that the short circuit resulted in keeping back or in bringing into the dynamo below an increase of electric current that made it more difficult for this armature to revolve than before, and caused a higher power to be exerted upon it, or at least caused greater resistance to the machinery; that this resistance was transmitted to the pulley by which this armature was run, through the belt; that that shock destroyed that pulley; that by the destruction of that pulley the main shaft was disturbed and the succeeding pulleys up to the jack-pulley were ruptured; that by reason of pieces flying from the jack-pulley, or from some other cause, the fly-wheel of the engine was destroyed, the governor broken, and everything crushed; — in a word, that the short circuit in the tower by reason of the fire caused an extra strain upon the belt through the action of electricity, and that caused the damage." The plaintiff contended that the short circuit was produced by the fire, either by means of heat on the horns of the lightning arresters, or by a flame acting as a conductor between the two horns, or in some other way. The jury found that the plaintiff's theory of the cause of the damage was correct, and the question is whether the judge was right in ruling that an injury to the machinery caused in this way was a " loss or damage by fire," within the meaning of the policy.

The subject matter of the insurance was the building, machinery, dynamos, and other electrical fixtures, besides tools, furniture, and supplies used in the business of furnishing electricity for electric lighting. The defendants, when they made their contracts, understood that the building contained a large quantity of electrical machinery, and that electricity would be transmitted from the dynamos, and would be a powerful force in and about the building. They must be presumed to have contemplated such effects as fire might naturally produce in connection with machinery used in generating and transmitting strong currents of electricity.

The subject involves a consideration of the causes to which an effect should be ascribed when several conditions, agencies, or authors contribute to produce an effect. The defendants contend that the application of the principle which is expressed

by the maxim, *In jure non remota causa sed proxima spectatur*, relieves them from liability in these cases. It has often been necessary to determine, in trials in court, what is to be deemed the responsible cause which furnishes a foundation for a claim when several agencies and conditions have a share in causing damage, and the best rule that can be formulated is often difficult of application. When it is said that the cause to be sought is the direct and proximate cause, it is not meant that the cause or agency which is nearest in time or place to the result is necesarily to be chosen. *Freeman* v. *Mercantile Accident Association*, 156 Mass. 351. The active efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source is the direct and proximate cause referred to in the cases. *McDonald* v. *Snelling*, 14 Allen, 290. *Perley* v. *Eastern Railroad*, 98 Mass. 414, 419. *Gibney* v. *State*, 137 N. Y. 529. In *Milwaukee & St. Paul Railway* v. *Kellogg*, 94 U. S. 469, 474, Mr. Justice Strong, who also wrote the opinions in *Insurance Co.* v. *Transportation Co.* 12 Wall. 194, and in *Western Massachusetts Ins. Co.* v. *Transportation Co.* 12 Wall. 201, which are much relied on by the defendants, used the following language in the opinion of the court: " The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied to the other end, that force being the proximate cause of the movement, or as in the oft cited case of the squib thrown in the market-place. 2 Bl. Rep. 892. The question always is, Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? "

If this were an action against one who negligently set the fire in the tower, and thus caused the injury to the machinery, it is clear, on the theory of the plaintiff that the negligent act of setting the fire would be deemed the active efficient cause of the disruption of the machinery and the consequent injury to the building. It remains to inquire whether there is a different rule in an action on a policy of fire insurance.

Under our statute creating a liability for damages received from defects in highways, it is held that the general rule is so far modified that there can be no recovery unless the defect is the sole cause of the accident; but this doctrine rests on the construction of the statute. *Tisdale* v. *Norton*, 8 Met. 388. *Marble* v. *Worcester*, 4 Gray, 395. *Jenks* v. *Wilbraham*, 11 Gray, 142. *McDonald* v. *Snelling*, 14 Allen, 290. *Babson* v. *Rockport*, 101 Mass. 93.

In suits brought on policies of fire insurance, it is held that the intention of the defendants must have been to insure against losses where the cause insured against was a means or agency in causing the loss, even though it was entirely due to some other active, efficient cause which made use of it, or set it in motion, if the original efficient cause was not itself made a subject of separate insurance in the contract between the parties. For instance, where the negligent act of the insured, or of anybody else, causes a fire, and so causes damage, although the negligent act is the direct, proximate cause of the damage, through the fire, which was the passive agency, the insurer is held liable for a loss caused by the fire. *Johnson* v. *Berkshire Ins. Co.* 4 Allen, 388. *Walker* v. *Maitland*, 5 B. & Ald. 171. *Waters* v. *Merchants' Louisville Ins. Co.* 11 Pet. 213. *Peters* v. *Warren Ins. Co.* 14 Pet. 99. *General Ins. Co.* v. *Sherwood*, 14 How. 351. *Insurance Co.* v. *Tweed*, 7 Wall. 44. This is the only particular in which the rule in regard to remote and proximate causes is applied differently in actions on fire insurance policies from the application of it in other actions. A failure sometimes to recognize this rule as standing on independent grounds, and established to carry out the intention of the parties to contracts of insurance, has led to confusion of statement in some of the cases. The difficulty in applying the general rule in complicated cases has made the interpretation of some of the decisions doubtful; but on principle, and by the weight of authority in many well considered cases, we think it clear that, apart from the single exception above stated, the question, What is a cause which creates a liability? is to be determined in the same way in actions on policies of fire insurance as in other actions. *Scripture* v. *Lowell Ins. Co.* 10 Cush. 356. *New York & Boston Despatch Express Co.* v. *Traders & Mechanics'*

*Ins. Co.* 132 Mass. 377.    *St. John* v. *American Ins. Co.* 1 Kernan, 516.    *General Ins. Co.* v. *Sherwood*, 14 How. 351.    *Insurance Co.* v. *Tweed*, 7 Wall. 44.    *Waters* v. *Merchants' Louisville Ins. Co.* 11 Pet. 213, 225.    *Livie* v. *Janson*, 12 East, 648.    *Ionides* v. *Universal Ins. Co.* 14 C. B. (N. S.) 259.    *Transatlantic Ins. Co.* v. *Dorsey*, 56 Md. 70.    *United Ins. Co.* v. *Foote*, 22 Ohio St. 340.

In the present case, the electricity was one of the forces of nature, — a passive agent working under natural laws, — whose existence was known when the insurance policies were issued. Upon the theory adopted by the jury, the fire worked through agencies in the building, the atmosphere, the metallic machinery, electricity, and other things ; and working precisely as the defendants would have expected it to work if they had thoroughly understood the situation and the laws applicable to the existing conditions, it put a great strain on the machinery and did great damage. No new cause acting from an independent source intervened. The fire was the direct and proximate cause of the damage according to the meaning of the words " direct and proximate cause," as interpreted by the best authorities. The instructions to the jury were full, clear, and correct, and the defendants' requests for instructions were rightly refused.

*Exceptions overruled.*