CHARLES SOLIMINE *vs.* MASSACHUSETTS PROPERTY
INSURANCE UNDERWRITING ASSOCIATION.

No. 05-P-110.

Suffolk. November 17, 2005. - March 16, 2006.

Present: ARMSTRONG, C.J., BROWN, & MILLS, JJ.

*Insurance,* "All risk" policy, Construction of policy, Coverage, Homeowner's
insurance.

In a civil action for breach of contract and violation of G. L. c. 93A on the
part of the defendant insurer, which issued an all risk homeowner's insur-
ance policy to the plaintiff insured, the judge erred in granting summary
judgment in favor of the insurer, where there remained a genuine issue of
material fact whether defective maintenance or wear and tear was the
cause for the entry of water inside the wall of the insured's home, which in
turn resulted in an outward bulging of the brick facade of his home, as
well as a genuine question whether the entry of the water onto the
plaintiff's property was a covered event. [785-787]

CIVIL ACTION commenced in the Superior Court Department on
September 10, 2003.

The case was heard by *Mitchell J. Sikora, J.,* on a motion for
summary judgment.

*Gordon E. Feener* for the plaintiff.

*Michael W. Reilly* for the defendant.

MILLS, J. After discovering an outward bulging of the brick
facade of his home in the North End section of Boston, Charles
Solimine filed a claim for damages under an all risk homeown-
er's insurance policy that he had purchased from the defendant
insurer, Massachusetts Property Insurance Underwriting
Association. Engineers retained by the parties investigated and
reported their results. The insurer denied the claim, stating that
it was explicitly excluded from the policy because the damage
was caused by lack of maintenance, normal wear and tear, and
deterioration. The plaintiff filed an action in the Superior Court

for breach of contract and violation of G. L. c. 93A. The insurer moved for summary judgment and the motion was allowed. The plaintiff appeals, and we reverse.

1. *Background.* It is undisputed that the insurer sold the plaintiff a homeowner's insurance policy,[1] and that the policy

[1]The insurer acknowledges that water damage, unless explicitly excluded, is covered under the policy. Under its section on perils insured against, the policy, in relevant part, provides the following exclusions from coverage:

> "We insure against risk of direct loss to property described in Coverages A and B [dwelling and other structures] only *if that loss is a physical loss to property.* We do not insure, however, for loss:
>
> ". . .
>
> "2. Caused by:
>
>> ". . .
>
>> "e. Any of the following:
>
>>> "(1) Wear and tear, marring, deterioration;
>>>
>>> "(2) Inherent vice, latent defect, mechanical breakdown;
>>>
>>> "(3) Smog, rust or other corrosion, mold, wet or dry rot;
>>>
>>> ". . .
>>>
>>> "(6) Settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings."

In addition, under the exclusion section, the policy, in relevant part, provides:

> "1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> ". . .
>
> "c. Water Damage, meaning:
>
>> "(1) Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
>>
>> "(2) Water which backs up through sewers or drains or which overflows from a sump; or
>>
>> "(3) Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.
>>
>> ". . .
>
> "e. Neglect, meaning neglect of the 'insured' to use all reasonable

was in effect in March, 2002, when the plaintiff discovered that the front brick facade of his building was bulging outward. There is no dispute that water entered the area inside the wall containing the steel beam supporting the brick facade and caused this beam to rust. The rust caused the steel beam to expand, and eventually the wall bulged outward. The plaintiff submitted a "vehicle damage claim" to the insurer, arguing that the compression, caused by the expansion of the beam, was relieved to some degree when vibrations from "construction or passing vehicles disturbed the delicate balance of the facade causing it to spring outward." The insurer responded that the water entered because of lack of maintenance, normal wear and tear, and deterioration. These factors, in the insurer's view, are exclusions for otherwise covered losses,[2] and the insurer denied the claim. The plaintiff commenced the present action, alleging simply that, as to causation, "[his] residence was damaged by vehicles," as described in two attached documents.

---

means to save and preserve property at and after the time of a loss.

"...

"2. We do not insure for loss to property . . . caused by any of the following. . . .

"...

"c. Faulty, inadequate or defective:

"...

"(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

"(3) Materials used in repair, construction, renovation or remodeling; or

"(4) Maintenance; of part or all of any property whether on or off the 'residence premises.' "

[2]The insurer has never denied that water damage is, unless otherwise excluded, a covered event under the policy. On appeal, the insurer acknowledged that the motion judge overlooked that the water below the surface of the ground exclusion did not apply to the water damage in this case, and based his decision on this inapplicable exclusion. Once basic risk coverage is established, the burden shifts to the insurer to prove the applicability of any exclusion to coverage set forth outside of the insuring clause. See *Murray* v. *Continental Ins. Co.*, 313 Mass. 557, 563 (1943); *Ratner* v. *Canadian Universal Ins. Co.*, 359 Mass. 375, 381 (1971); *Highlands Ins. Co.* v. *Aerovox Inc.*, 424 Mass. 226, 230 (1997).

The insurer contended that the loss was not a covered loss, and moved for summary judgment, relying on the opinion of its expert that slowly, "over time, the beam has rusted considerably causing the wall to buckle outward," and that this was due to "neglect of maintenance" and not "vibrations associated with construction [which] are diminished and structurally insignificant at the [plaintiff's building]." Continuing to rely on its expert's opinion, the insurer asserted that "[t]he rust and scale on the steel beam suggest[] that the concrete projection joint with the brick was never detailed well in the original construction and that in years past, maintenance on the detail was overlooked." The insurer further asserted that "[e]vidence of [a] long-term problem with this detail is newer, but not recent, brick wall repair on the left side of the basement entrance immediately adjacent to the steel shoring." However, the insurer did not identify the source of the water, e.g., rain, snow, ice, runoff from adjoining roofs, drains or other source, that entered the area where the rusting occurred or any particular place of entry, and the record does not unambiguously establish when the water entered.

In his opposition to the insurer's motion for summary judgment, the plaintiff, citing *Jussim* v. *Massachusetts Bay Ins. Co.*, 415 Mass. 24, 27 (1993), maintained that the efficient proximate cause of the damage was the incursion of water into the building, a covered event. That assertion was supported in the record by the plaintiff's expert. In any event, there is no dispute that the rusting was caused by water which entered at *some* location in the building, at *some* time, and from *some* source. The location, time, and source are not certain.

2. *Discussion*. In *Jussim* v. *Massachusetts Bay Ins. Co.*, the Supreme Judicial court discussed the "train of events test" for coverage disputes, such as in this case. *Ibid.* "That test seeks to determine the efficient proximate cause of the loss. If that cause is an insured risk, there will be coverage even though the final form of the property damage, produced by a series of related events, appears to take the loss outside of the terms of the policy. . . . 'When it is said that the cause to be sought is the

direct and proximate cause, it is not meant that the cause or agency which is nearest in time or place to the result is necessarily to be chosen. . . . The active efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source is the direct and proximate cause referred to in the cases. . . .' (Citations omitted.)" *Ibid.,* quoting from *Lynn Gas & Elec. Co.* v. *Meriden Fire Ins. Co.,* 158 Mass. 570, 575 (1893).

In this case, the evidence in the record indicates that the active efficient cause that set in motion the events leading to the front facade's outward bowing was water, and water damage is covered under the policy. If the record discloses sufficient evidence that the water entered because of maintenance neglect, wear and tear, or deterioration, without being preceded by some other covered event, then the insurer is entitled to summary judgment. However, if the insurer has not presented sufficient evidence of some excluded event which precedes the entry of the water and is the initial event in a chain of causation, then the insurer may not have summary judgment. Compare *Bettigole* v. *American Employers Ins. Co.,* 30 Mass. App. Ct. 272, 275-276 (1991).

We are not satisfied that there is sufficient evidence presented by the insurer on this record to dispel a genuine issue of fact whether defective maintenance or wear and tear was the cause for the entry of the water. We have, above, identified the uncertainties of the water's entry location, time, and source. See *Golub* v. *Milpo, Inc.,* 402 Mass. 397, 400 (1988) ("A court must deny a motion for summary judgment if, viewing the evidence in the light most favorable to the nonmoving party, there exist genuine issues of material fact"). There also remains a genuine question whether the entry of the water onto the plaintiff's property was itself a covered event, e.g., illegal runoff from an adjoining property. See *Jussim* v. *Massachusetts Bay Ins. Co.,* 415 Mass. at 30. The insurer's evidence of when the water entered ranges ambiguously over one hundred years, perhaps beginning with the building's design and construction in the late nineteenth century. Based upon the record, the insurer, without explanation for the source of the water, has not

discounted the possibility that entry of the water was a covered event.[3]

*Judgment reversed.*

O

---

[3]In view of our disposition of the case, we do not address the plaintiff's G. L. c. 93A claim.