McDANIEL v. ATLANTIC COAST LINE R. R. CO.

1. SUPERSEDEAS.—An interlocutory order permitting an amendment to a complaint and not involving the merits is not appealable, unless there be an abuse of discretion, and notice of intention to appeal does not act as a supersedeas.

2. APPEAL—JURISDICTION.—After filing return in the Supreme Court pursuant to notice of appeal from a non-appealable order the Circuit Court has jurisdiction to try the case.

3. NEW TRIAL.—The evidence in this case being contradictory as to notice to the deceased switchman and coupler that track had been torn up, new trial properly refused, on the ground of deceased's negligence in signing the engine on with knowledge that track was torn up.

Before GARY, J., Sumter, April, 1906.    Affirmed.

Action by Amanda McDaniel, as administratrix of David McDaniel against Atlantic Coast Line R. R. Co. From judgment for plaintiff, defendant appeals.

*Messrs. Willcox & Willcox, Cooper & Fraser, Mark Reynolds,* and *Henry E. Davis,* for appellant.

*Messrs. Willcox & Willcox* and *Henry E. Davis* cite: *Order allowing amendment was appealable:* Code, sec. II., subd. 1; 18 S. C., 315; 48 S. C., 564; 58 S. C., 466; 57 S. C., 502. *Effect of appeal on subsequent proceedings in the Court below:* Code, 356, 346, 350, 351, 352, 353. *After*

*return filed in this Court it has exclusive jurisdiction:* 53 S. C., 447; 52 S. C., 507; 40 S. C., 430; 31 S. C., 602; 53 S. C., 118; 51 S. C., 171. *If deceased knew and yet signaled the engine to move, his negligence caused his own death:* 72 S. C., 336; 70 N. Y., 177; Law Notes, Nov., 1906, p. 147; 59 Wis., 249; 80 Ill., 51; 40 N. Y., Supp., 19; 83 N. Y. App. Div., 327; 80 Ill., 28; 25 Ill., 161.

*Messrs. Lee & Moise,* contra, cite: *Circuit Judge could decide if order appealed from is appealable while appeal is pending:* Code, sec. II.; 11 S. C., 122; 8 S. C., 112. *Order permitting amending of pleadings is not appealable:* 57 S. C., 502; 71 S. C., 340; 50 S. C., 540; 52 S. C., 584; 51 S. C., 284; 49 S. C., 423; 43 S. C., 264; 37 S. C., 606; 33 S. C., 100; 32 S. C., 1; 25 S. C., 41; 29 S. C., 26; 71 S. C., 426; 71 S. C., 426; 74 S. C., 13; 42 S. C., 574; 60 S. C., 521. *Notice of appeal did not act as supersedeas:* 71 S. C., 303; 68 S. C., 45; 65 S. C., 573; 2 Cyc., 889; 73 S. C., 533. *New trial properly refused:* 75 S. C., 141; 74 S. C., 222.

February 27, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action for damages, alleged to have been sustained, in consequence of the negligent and reckless killing of plaintiff's husband, by the derailment of a shifting engine, upon which he was employed in the capacity of switchman and coupler.

The complaint alleged that the deceased was riding on the foot-board of the engine, as it was running backwards, at a slow speed, about eight o'clock at night, on the main track in the Sumter yard, for the purpose of getting water; that when the engine reached a point about midway of the yard, it was derailed while running on a portion of the track, that had been torn up during the day, under the defendant's directions; that neither the deceased nor the engineer knew of the condition of the track, nor were there any danger signals or lights to warn them of the danger; and, as a con-

sequence of the negligence and recklessness of the defendant, the deceased was thrown under the wheels of the engine and crushed to death.

The defendant denied the allegations of negligence and recklessness, and alleged that the deceased was killed by his own negligence in signing the engine back, when he knew that the track had been torn up, and that it was not necessary for the engine to go over this track in order to get water.

The defendant also set up the defense of contributory negligence.

On the 10th of March, 1906, the plaintiff gave notice of a motion to amend her complaint, by striking out the names of two supposed beneficiaries—the father and mother of her intestate—he having left no children, and the widow, therefore, being the sole beneficiary.    This motion was granted on the 24th of March, 1906.

On the 3d of April, 1906, the defendant served notice of intention to appeal from this order.

On the 6th of April, 1906, the plaintiff gave notice of a motion for an order, declaring that said notice of intention to appeal did not operate as a *supersedeas.*

The motion was granted on the 12th of April, 1906.    No specific notice of intention to appeal from the order dated April 12th, 1906, was served.    In pursuance of the notice of intention to appeal hereinbefore recited, the defendant on the 16th of April, 1906, filed the return in the Supreme Court, and on the 28th of April, 1906, served plaintiff with defendant's proposed case and exceptions.

At the time of the alleged filing of the return in the Supreme Court on April 16, 1906, neither the case nor any exceptions had been served by the appellant, and the said alleged return shows that no exceptions nor proposed case, had been served on or prior to April 16, 1906.

Early in April, the Sumter Bar Association met, for the purpose of arranging the roster of cases for trial at the ensuing term, at which meeting the appellant's attorneys

were present.    This case was placed on the roster for trial on April 16, 1906.    On that day, pursuant to the roster, a copy whereof was given to the Judge for his information and guidance, the said case was called for trial.    The defendant's counsel stated to the Court, that they had not expected to go into the trial on that day, and thereupon the cause was set for trial on the 20th of April, 1906, defendant's attorneys giving no other reason for postponement of the trial.

In purusance of the order of the 12th of April, 1906, the cause was tried on the 20th and 21st days of April, and a verdict was rendered for the plaintiff for $5,750.00, and the defendant appealed.

The first question for consideration is, whether his Honor, the presiding Judge, erred, in ruling that the notice of intention to appeal from the order of 12th April, 1906, did not act as a *supersedeas*.    The order simply allowed the plaintiff to amend the complaint, by striking out the names of two of the beneficiaries, and did not involve the merits.    Such orders are not appealable unless there was an abuse of discretion, which did not exist in this case; for this Court, upon hearing the appeal from that order, decided that the appeal was without merit.    (MSS. Dec.)    The policy of the law, in regard to appeals from the interlocutory orders, is declared in *Rhodes* v. *R. R.*, 68 S. C., 494, to be against them, 47 S. E., 689.    The cases of *Hawkins* v. *Wood*, 60 S. C., 521, 39 S. E., 9; *Muckenfuss* v. *Fishburne*, 65 S. C., 573, 44 S. E., 77; Id., 68 S. C., 41, 46 S. E., 537; *Bonner* v. *Tel. Co.*, 71 S. C., 303, 51 S. E., 117, and *Engine Co.* v. *Lodge*, 73 S. C., 533, 53 S. E., 746, sustain the ruling of the Circuit Judge.

The next question raised by the exceptions is whether the Circuit Court had jurisdiction to try the case, after the filing of the return in the Supreme Court, in pursuance of the notice of intention to appeal from said order.    There is no doubt as to the general proposition, that the Circuit Court is ousted of jurisdiction, when the

return is field in the Supreme Court.    But this rule does
not apply except in cases where the order is appealable, as it
is this fact that gives the Supreme Court jurisdiction.  When
there is an appeal from an order, which the respondent does
not regard as appealable, the practice is to interpose an
objection to the jurisdiction of the Supreme Court; and if
the objection is sustained, the appeal may be dismissed with-
out considering the merits, thus showing that the jurisdic-
tion of the Supreme Court is dependent upon the fact that
the order is appealable.

The crucial question raised by the remaining exceptions
is, whether there was any testimony tending to show that
the deceased was not duly notified of the tearing up of the
track.    Persons on the engine with McDaniel testi-
fied, that no notice was given of the changed con-
dition of the track, and the appellant's attorneys in
each of their arguments admitted that the plaintiff testified
that McDaniel was at home at the time the defendant's
witnesses said that he was at the depot, and made remarks
indicating he knew that the track had been dismantled.

It is the judgment of this Court that the judgment of
the Circuit Court be affirmed.