17479

SOUTH CAROLINA ELECTRIC & GAS CO. *et al.*, Respondents, v.
AETNA INSURANCE COMPANY *et al.*, Appellants

(106 S. E. (2d) 276)

*Messrs. Joseph L. Nettles, Belser & Belser,* and *Robinson,
McFadden & Dreher,* of Columbia, *for Appellants,*

558

*Messrs. Arthur M. Williams, Jr., Cooper & Gary* and *McLain & Sherrill,* of Columbia, *for Respondents,*

December 9, 1958.

STUKES, Chief Justice.

Reference will be had to the report of the decision in the former appeal of this case, 230 S. C. 340, 95 S. E. (2d) 596. It would be repetitious to restate here the facts which were alleged in the pleadings and motion papers, and re-

counted in the cited opinion. Upon trial the jury returned verdict for plaintiffs for $138,000.00. The usual defensive motions were overruled, except the trial judge granted a new trial upon the issue of damages only. He found the verdict to be excessive but declined to reduce it by order for new trial *nisi,* which course was within his discretion. The defendants have appealed; the plaintiffs have not.

The first and principal question upon appeal is whether, under the evidence, the loss may have been resonably found to be within appellants' policies and that they are liable therefor. Upon consideration of the evidence, including the policies, and the authorities citied by appellants (*Lynn Gas & Electric Co. v. Meriden Fire Ins. Co.,* 158 Mass. 570, 33 N. E. 690, 20 L. R. A. 297; *Baron Corp. v. Piedmont Fire Ins. Co.,* 166 Misc. 69, 1 N. Y. S. (2d) 713; and *New Orleans Ry. & Light Co. v. Aetna Fire Ins. Co.,* 145 La. 82, 81 So. 764) we are of opinion that this was an issue for the jury, which found against the appellants. Because of the necessity for new trial we refrain from review of the evidence. It will be for a jury again, unaffected by our view of it.

By their second question appellants contend that the respondents did not prove recoverable damages. The evidence relating to loss included the original cost of the damaged generator, estimated length of useful life, age, and cost of replacement of the parts, of which some were damaged by electrical injury or ensuing fire, from which the jury may have determined the actual cash value of the latter at the time of loss, not exceeding the cost of repair or replacement, which is the measure of damages under the terms of the policies. Concededly, the evidence of the amount of the loss may have left something to be desired; but we do not think it was so deficient as to warrant directed verdict because of failure of proof in that respect.

"Recovery of fire insurance is not defeated because the amount of loss cannot be determined from the evidence with-

out difficulty, and to some extent is a matter of estimate." 29 Am. Jur. 1137, Insurance, Sec. 1514. Practically the same language is found in 45 C. J. S., Insurance, § 915, p. 1010: "The fact that the amount of loss cannot be determined without difficulty, or is to some extent a matter of estimate, does not affect insurer's liability or insured's right to compensation." "Perplexity attending the determination of the question and amount of damages rarely, if ever, defeats a cause of action. In such cases courts ordinarily depend upon the wisdom and fairness of the good men and true who compose the jury * * *. 15 Am. Jur. 414 *et seq.,* Damages, sec. 23." *Powers v. Calvert Fire Ins. Co.,* 216 S. C. 309, 321, 57 S. E. (2d) 638, 644, 16 A. L. R. (2d) 1261.

The third contention of appellants is that the Electric Company is not a proper party to the action and should be dismissed, because of the payment to it by Lloyds and the terms of the loan receipt in that transaction. However, the law of the case is to the contrary perforce the decision upon the first appeal, *supra,* 230 S. C. at page 349, 95 S. E. (2d) at page 600. It was very plain. We quote from it: "It is our opinion, therefore, that the right of action here is vested in the plaintiff (the Electric Company) alone, and that its disposition of any recovery therein is of no concern to the defendants."

Finally with respect to the appeal, was it proper to grant a new trial as to damages only? We think not, and this feature of the appeal will have to be sustained. That practice is not countenanced in the modern decisions of this court. It is the federal practice by rule. Rule 59(a) of the Federal Rules of Civil Procedure, 28 U. S. C. A., authorizes partial new trial on the issue of damages. *Southern Ry. Co. v. Neese,* 4 Cir., 1954, 216 F. (2d) 772. *Southern Ry. Co. v. Madden,* 4 Cir., 1955, 224 F. (2d) 320. The practice also prevails in many other jurisdictions. 39 Am. Jur. 47, New Trial, sec. 24. Annotations, 98 A. L. R. 941, and 29 A. L. R. (2d) 1199. To the contrary, *Nel-*

*son v. Charleston & Western Carolina Ry. Co.,* 231 S. C. 351, 98 S. E. (2d) 798, is a recent decision which illustrates our practice; new trial generally was granted on account of excessive verdict for damages. Our cases which are cited by respondent do not constitute authority for new trial of the issue of damages only. In the absence of authorizing statute or rule we do not feel warranted in making such an important innovation in our procedure.

On the last-stated point the judgment of the trial court is reversed and the case will be remanded to the Court of Common Pleas for new trial generally.

The respondents have submitted additional grounds to sustain the judgment of the trial court by which they contend that the only reasonable inference deducible from the evidence is that the appellants are liable under their policies for the loss sustained. We cannot agree; we think the trial judge was right when he refused request to direct a verdict of liability, and submitted the issue to the jury. As already said, with reference to the first question, we think the evidence was conflicting as to whether there was an "ensuing fire" which followed the electrical injury, within the policies sued upon, which gave rise to a jury issue. The sustaining grounds are overruled.

Reversed and remanded.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.