19428

C. M. FORTNER, Respondent, v. J. M. CARNES, d/b/a Carnes Parts and Garage, Appellant

(189 S. E. (2d) 24)

*Messrs. William M. Wilson,* of Camden, and *Robinson, McFadden, Moore & Pope,* of Columbia, *for Appellant,*

*Messrs. Donald H. Holland,* and *Robert J. Sheheen, of Savage, Royall, Kinard & Sheheen, for Respondent,*

May 29, 1972.

BUSSEY, Justice:

In this action the plaintiff recovered a jury verdict for the actual value of an automobile left by the plaintiff with the defendant under a bailment for mutual benefit. The appeal is from an order denying the defendant's motion for judgment *non obstante veredicto.*

There seems to be no controversy as to most of the key facts and other facts are stated in the light of the settled rule, here applicable, that the evidence and all inferences reasonably deducible therefrom have to be viewed in the light most favorable to the plaintiff. Defendant owned and operated Carnes Parts and Garage in the Town of Elgin, Kershaw County. Plaintiff left with the defendant for repairs a 1962 Corvette automobile which was stolen from the garage of the defendant on the night of November 3, 1969, by a sixteen year old escapee from the John G.

Richards School for Boys. The automobile was subsequently recovered by law enforcement officers in a badly wrecked condition. The thief also stole certain parts and a small amount of money, belonging to the defendant, which were not recovered.

Defendant's garage is located in the northern portion of the Town of Elgin on U. S. Highway No. 1. Elgin did not have a police force and the only police protection afforded was through the Sheriff's Department of Kershaw County. The defendant's building was built for garage use; mostly a metal building, but with a brick front and sides around the office and parts area. There was one entrance into the office and parts area, four metal roll-up doors to the garage area, and an "end" door down under a wash rack at or near the rear of the building. The front entrance and the end door could be locked and unlocked with keys, but the roll-up doors were secured only by inside latches when closed. The thief gained entrance by forcing open the end door and also forced an entry from the garage area into the office area.

The defendant and his employees customarily removed the ignition keys from cars left in his garage, placing them either on a board in the office, in the parts room, or under the seat or mat of the particular automobile. The ignition keys to the plaintiff's car, however, were left therein on the night of the theft and were actually used by the thief in stealing plaintiff's automobile, the repairs to which had been completed. But for the keys being left therein, the thief would have had to either find the same or "cross switch" or "short switch" the car in order to start it. Expert evidence was offered by plaintiff to the effect that it would be difficult for the average person to "cross switch" the particular automobile and especially so in the dark. The only light left burning by the defendant was in the office area, but some light shone therefrom, through a window into the garage area. The end door, forced open by the thief to gain entry into the garage, opened outward and there was some space

between the edge of the door and the metal frame, and, inferably, it was relatively easy for one to force such door open.

The defendant asserts that under the foregoing facts there was no breach of any duty owing by him to the plaintiff, and that, accordingly, he was entitled to a directed verdict. The automobile was admittedly stolen and whether or not there was a breach of duty by the defendant with respect thereto depends in the last analysis on the presence or absence of due or ordinary care on the part of the defendant. Unquestionably, the leading case in this State on the question of burden of proof as to negligence or due care on the part of the bailee in an action such as this is that of *Fleischman, Morris & Co. v. Southern Ry.,* 76 S. C. 237, 56 S. E. 974. The rule in this State, somewhat different from that then prevailing in other jurisdictions, was so ably and well stated in the *Fleischman* case by Mr. Justice Woods, afterwards a member of the Federal Circuit Court of Appeals, that we deem it well to quote his statement here.

"The rule in this state, as indicated by the cases above referred to, is that the bailor must prove delivery to the bailee and his refusal to return as required by the contract of bailment. The burden is then on the bailee to prove that he has not converted the property, and this he may do by showing its loss and the manner of its loss; but by the manner of loss is meant, not only the isolated fact of destruction by fire, or loss by theft or otherwise, but the circumstances connected with the origin of the fire or other cause of loss or injury as far as known to the bailee, *and the precautions taken to prevent the loss or injury. From these facts, coupled with any testimony on the subject the bailor may introduce, it is for the jury to say whether the bailee was negligent.* This rule is entirely reasonable. The facts surrounding the loss, particularly the precautions taken against it, are usually known to the bailee or ascertainable by him. On the other hand, the owner of the property cannot be supposed to know the details of a warehouseman's

business, for he is often hundreds of miles away. With the great modern development of the warehouse business, we venture to think the injustice of the rule which exempts a warehouseman from responsibility to the owner on the bald proof of loss or injury to the goods by fire, by theft, or otherwise, will become more and more apparent. In most cases, to require the owner to assume the burden of showing that the fire or theft was due to the lack of ordinary care is to impose an impossible task and place him more than ever at the mercy of the warehouseman. *We are satisfied, therefore, to adhere to the somewhat exceptional rule laid down in this state, notwithstanding the great number of opposing authorities in other jurisdictions.*" (Emphasis added.)

The decisions of this Court both prior and subsequent to *Fleischman* would seem to leave no doubt that the burden is upon the bailee to prove due or ordinary care on his part, to the satisfaction of the jury, if he is to relieve himself of liability for goods not returned in accordance with the contract of bailment. Whether a bailee has exercised due care with regard to stored goods has to be determined with reference to all the circumstances of the particular case. The bailee is required only to exercise ordinary diligence, but diligence being a relative term, the circumstances surrounding each particular case must be considered. The standard of care is necessarily variable with respect to the facts, although it may be uniform with respect to principle. What is due care or ordinary diligence and what is to the contrary, negligence, are questions more of fact than of law. *Arkwright Mills v. Clearwater Mfg. Co.,* 217 S. C. 530, 61 S. E. (2d) 165; *Scott, Williams & Co. v. Crews,* 2 S. C. 522. The last cited case contains a most interesting discussion of the degree of care on the part of a bailee demanded by prudence at variant times and places.

In only one case, in modern times, has this Court concluded that a bailee was entitled to a directed verdict in its favor, to-wit: *Kelley v. Capital Motors,*

204 S. C. 304, 28 S. E. (2d) 836. Under the well settled rule in this State as to the burden of proof, it is quite understandable that the cases are, indeed, rare wherein the court is warranted in concluding that the bailee is not liable, as a matter of law. While there are no conflicts of any great substance in the evidence in this case, as recognized in the *Arkwright Mills* case, the weight of the evidence and the credibility of the witnesses are matters within the province of the jury. Such being the case, a jury does not necessarily have to believe evidence offered by a bailee tending to prove due or ordinary care on his part and it follows that, certainly in the vast majority of cases, under our rule it must be left for the jury to determine whether the bailee has sustained the burden of proving that the loss was not occasioned by his negligence.

In the present case the defendant's garage was located upon a much traveled principal highway in an area that had only limited police protection, on the outskirts of a relatively small town; there were no lights in or about the place of business save in the office area; the interior of the garage part of the building was not visible from the highway; the end door by which the thief gained entrance was inferably not too secure, and the ignition keys were left in plaintiff's automobile despite a contrary practice of the defendant. Under the foregoing facts and the principles of law hereinabove enunciated, it is quite clear that the court correctly submitted the case to the jury. Members of the jury, drawn from the vicinage and from all walks of life, were better qualified than the court would be to determine whether the course of conduct of the defendant was that of a reasonably prudent man, which is the familiar yardstick.

Defendant calls attention to an annotation in 43 A. L. R. (2d) 432, and cases therein cited. There are decisions from other jurisdictions, holding pro and con, as to whether a bailor may recover from the bailee for the theft of an automobile following forcible entry into a locked garage or re-

pair shop. The varying factual situations and, in some instances, fundamental differences in the law of different jurisdictions render these decisions of little help to the Court in the instant case.

Defendant further contends that any lack of due or ■■ ordinary care on his part was not the proximate cause of plaintiff's loss. He relies on *Johnston v. Atlantic Coast Line R. Co.,* 183 S. C. 126, 190 S. E. 459, and *Stone v. Bethea,* 251 S. C. 157, 161 S. E. (2d) 171, and the general rule of law applied in those cases that when between the negligence and the occurrence of an injury there intervenes a willful, malicious or criminal act of a third person, producing the injury, which was not intended by the negligent person and could not have been foreseen by him, the causal chain between the negligence and the accident or injury is broken. The cited cases are clearly distinguishable, factually, from the instant case. Neither of them was a bailment case and each of them involved injuries flowing from the acts of the respective thieves at times subsequent to the thefts. In a bailment case the theft itself constitutes injury or loss to the bailor and there is no act of a third party intervening between any negligence of the bailee and the injury or loss. *Cf. Loving v. Howard Lare, Inc.,* 344 Mich. 97, 73 N. W. (2d) 290, and cases therein cited.

We conclude that the defendant's exceptions are without merit and the judgment of the lower court is, accordingly,
Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.