20858

INDUSTRIAL WELDING SUPPLIES, INC., Appellant, v. ATLAS VENDING CO., INC., Respondent.

(251 S. E. (2d) 741)

*Willis Fuller, Jr.,* and *J. Graham Sturgis, Jr.,* of *Altman & Fuller,* Charleston, *for appellant.*

*William D. Richardson,* of *Richardson & Johnson,* Greenville, *for respondent.*

January 23, 1979.

Lewis, Chief Justice:

The relationship between appellant and respondent, out of which this action arose, was that of bailor and bailee. The question in this appeal involves a determination of when the Statute of Limitations began to run against the claim of appellant for a return of the bailed property.

This action was brought by appellant to recover one hundred seventy-eight (178) cylinders, owned by it, in which $Co_2$ gas had been sold and delivered to respondent for use in the operation of its soft drink vending machines. Appellant delivered filled cylinders to respondent and picked up the empties several times each week. The operation of respondent's business was such that it required at least one cylinder of gas in each of its machines and an approximate equal number of back up, filled cylinders as replacements when those in the machines ran out. Gas could only be supplied to respondent by the continuous use of the cylinders,

either filled and in use or empty and being returned to appellant to be refilled.

This agreement between the parties for the sale and purchase of gas began some time prior to February 1, 1965, and continued until about the end of 1973, when respondent stopped purchasing its gas from appellant. Thereafter, on March 11, 1974, appellant made demand for the return of its cylinders then shown to be in respondent's possession. Respondent returned some but, as of January 1, 1975, there remained due to appellant a total of 178 cylinders.

This action was brought on March 30, 1977, to recover the 178 cylinders or, in the alternative, their value from respondent. Respondent filed an answer which alleged, in addition to a general denial, an affirmative defense that the action was barred by the six (6) year Statute of Limitations, Section 15-3-530 of the 1976 Code of Laws. Respondent contended that the Statute of Limitation began to run on the date of delivery of the cylinders to respondent, that is, the delivery of each cylinder was a separate and distinct bailment which terminated when a cylinder became empty and was returnable to appellant, thereby eliminating any necessity for a demand for its return before a right accrued to bring an action for recovery. Appellant, on the other hand, contended that the bailment was for an indefinite period of time and that the period of limitation began to run upon demand for return of the cylinders.

Upon trial, the trial judge ruled that the Statute of Limitations would apply so as to bar appellant's recovery for any cylinders delivered by appellant to respondent prior to six (6) years before the filing of this action on March 30, 1977. This ruling precluded recovery by appellant and was followed by this appeal.

The sole question to be decided is whehter the trial judge erred in holding that the Statute of Limitations, Code Section 15-3-530, began to run on the date of delivery of the

cylinders by appellant to respondent rather than the date demand was made for their return and was refused.

Section 15-3-530(4) requires that "an action for taking, detaining or injuring any goods or chattels including an action for the specific recovery of personal property" must be brought within six (6) years of the accrual of the cause of action or else be forever barred. The question then is: When did appellant's cause of action to recover the cylinders accrue? See: *Brown v. Finger,* 240 S. C. 102, 124 S. E. ( 2d)781.

Under settled principles, the cause of action accrued upon demand for the return of the cylinder and the refusal to return them. Under the business relationship between the parties appellant effectively committed to the use of respondent as many cylinders as were necessary to make available a constant supply of gas. This continuous use of the cylinders by respondent constituted a bailment for the purpose of providing a convenient means of supplying respondent's demands. This bailment continued, of necessity, for the duration of the business relationship. In no other way could respondent have obtained the contemplated continuous supply of gas from Appellant. Since the bailment was for the duration of the business relationship, it was for an indefinite time. Where, as here, an individual is rightfully in possession of goods as a bailee, the Statute of Limitations does not begin to run until the bailee wrongfully refuses to return the bailed goods. *Roberts v. James,* 160 S. C. 291, 158 S. E. 689; Annotation: 57 A. L. R. (2d) 1044, 1046.

The demand for the return of the bailed property was made on March 11, 1974 and this action to recover the items not returned was instituted on March 30, 1977, about three (3) years later and well within the six (6) year period allowed for the bringing of the action after demand. The lower court was, therefore, in error in holding that appellant's action was barred by the Statute of Limitations.

The judgment is accordingly reversed and the cause remanded for a new trial.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.