## 21425

INDUSTRIAL WELDING SUPPLIES, INC., Appellant, v. ATLAS VENDING CO., INC., Respondent.

(277 S. E. (2d) 885)

*Willis Fuller, Jr.,* Charleston, *for appellant.*

*William D. Richardson of Richardson & Johnson,* Greenville, *for respondent.*

April 7, 1981.

LEWIS, Chief Justice:

This is the second appeal in this case. See *Industrial Welding Supplies, Inc. v. Atlas Vending Co., Inc.,* 272 S. C. 293, 251 S. E. (2d) 741. We are concerned in this appeal with

(1) the right of appellant to amend the complaint relating to damages, (2) the measure of damages in a case for wrongful conversion of personal property and, (3) the instructions to the jury relative to the burden of proof and the duty to mitigate damages.

Appellant and respondent had an arrangement under which appellant provided full $CO_2$ gas cylinders for use in respondent's drink vending machines. Under the agreement appellant provided full gas cylinders and, upon their use, exchanged full cylinders which it had refilled. After several years of this relationship, respondent discontinued the use of appellant's services at the end of 1973. Appellant then, on March 1, 1974, made demand for return of the empty cylinders, but they were not returned. This action ensued on March 10, 1977 to recover possession of the cylinders retained by respondent or, in the alternative, their value.

After the issuance of the court's opinion in the first appeal of this case, appellant attempted to amend its complaint so as to raise the amount claimed as damages from $5,012.00 (the original amount claimed) to $10,888.00 (the alleged value of the property at the time of trial). This motion to amend was denied.

At the trial, appellant presented evidence that the value of the cylinders at the time of refusal to redeliver was $5,012.00 and, over objection, was approximately $10,888.00 at the time of trial. A motion by appellant during trial to amend the compaint to conform to the proof relative to the value of the cylinders was denied by the trial judge.

Appellant's requested instruction to the jury, that the highest value of the property up to the time of trial might be awarded according to the jury's view of the justice in the case, was also denied. Likewise a motion for a new trial based upon alleged errors in the foregoing trial rulings was refused, from which this appeal comes.

The threshold question concerns the proper measure of damages for conversion of property. We have previously adopted the principle that, as a general rule, the measure of damages in a case for conversion of personal property is the value of the property with interest thereon and the jury may give the highest value up to the time of trial. *Gregg v. Bank of Columbia*, 72 S.C. 458, 52 S.E. 195. In *Gregg*, it was pointed out that a jury is not required to adopt the highest value up to the time of trial as the measure of damages, but is permitted to do so according to its view of the justice of the case.

We think that the trial judge was in error in refusing to permit appellant to amend its complaint so that it might pursue the claim for the value of the property up to the time of trial. A motion to amend pleadings, in furtherance of justice, under Section 15-13-920, Code of Laws of South Carolina, 1976, is addressed to the sound discretion of the trial judge and his action is not subject to review unless there is shown an abuse of discretion. *Monteith v. Harby*, 190 S.C. 453, 3 S.E. (2d) 250.

The amendment sought in this case did not change the cause of action, but merely affected the extent of relief. Respondent was apprised of the nature of the amendment before trial and was able to present testimony on the issue of damages sought to be raised. While a considerable amount of time elapsed between the filing of the complaint and the request for amendment, a substantial amount of this delay was the result of the first appeal pursued by respondent. The record fails to show neglectful or dilatory tactics on the part of appellant. Neither is there any basis for a claim by respondent of prejudice by surprise. We therefore hold that, under these facts, appellant should have been allowed to amend its complaint so as to pursue its full claim for damages.

The appellant also challenges the trial judge's charge that the law places the burden on the bailor to prove that loss was due to the failure of the bailee to exercise

ordinary care in the safekeeping of the property. We agree that this charge was erroneous.

It is well established in this State that the burden is upon the bailee to prove due or ordinary care on his part, to the satisfaction of the jury, if he is to relieve himself of liability for goods not returned in accordance with the contract of bailment. *Fortner v. Carnes,* 258 S. C. 455, 189 S. E. (2d) 24.

Finally, the appellant challenges the trial judge's instruction to the jury that the bailor had the duty to mitigate his damages. It argues that such a charge would serve to undermine the ability of the bailor to seek damages for the value of the goods up to the time of trial because it would require a bailor to replace the converted goods prior to the time of trial. We agree that the charge constituted error.

As a general rule, where the property is lost or stolen through negligence of the bailee, the bailor is not bound to attempt its recovery in order to reduce damages. 8 Am. Jur. (2d), Bailments Section 352, p. 1096. We think the import of this premise requires the holding that as a general rule the bailor is also not required to buy replacement goods in order to mitigate his damages. Our decision in adopting this general rule is further influenced by the reasoning of this Court in *Gregg, supra,* when it fashioned a flexible approach to the measure of damages in bailment cases. To give only the value at the time of conversion would in some circumstances be equivalent to requiring the owner of the property to sell his property at the time and for a price fixed by the wrong-doer. Requiring the appellant to mitigate his damages, in this case, by the purchase of replacement goods would result in the harm sought to be prevented.

The appellant has requested a retrial solely as to the issue of damages. Under our holding in *South Carolina Electric and Gas Co., et al. v. Aetna Insurance*

*Company,* et al., 233 S.C. 557, 106 S. E. (2d) 276, new trial upon a single issue has not been the procedure of this Court. The rule adopted in that case is one of venerable origin. Historically common law courts of England were not permitted to grant new trial as to a single issue, for the verdict was deemed a single and inextricable whole. This tradition in English practice was ended by the Judicature Act, and indeed, in most jurisdictions of this country new trial upon a single issue has become the approved practice. 29 A.L.R. (2d) 1199.

With the foregoing in mind, we have carefully studied the precedents relied upon in the *South Carolina Electric and Gas v. Aetna* decision. We find that the Court in that case wisely declined to grant new trial upon a single issue given the facts there appearing, but we also find that the Court on that occasion read our prior cases as adopting a principle foreign to them. Outside the *South Carolina Electric and Gas Company v. Aetna* decision, there is no other authority in this State for the proposition that a new trial granted on any single issue must be automatically deemed a new trial upon all issues. Accordingly, we hereby overrule so much of the *South Carolina Electric and Gas Company v. Aetna Insurance Company* decision as adopts that proposition and herewith restate the rule as follows: where there are distinct jury issues, and the issue as to which a new trial is required is separate from all other issues, and the error requiring new trial does not affect the determination of any other issue, the scope of new trial may be limited to the single issue. In the instant case, we find that the question of damages is indeed distinct and separate from the question of liability already resolved below. Therefore, we hold it proper, and so direct, that this case be remanded for new trial confined to the sole issue of the amount of damages to be awarded plaintiffs herein.

LITTLE, NESS, GREGORY and HARWELL, JJ., concur.