1920

Frances PINCKNEY, Respondent v.
WINN-DIXIE STORES, INC., Appellant.
(426 S.E. (2d) 327)

Court of Appeals

*E. Mitchell Griffith*, of *Griffith & Sadler*, Beaufort, *for appellant.*

*Paul H. Infinger,* Beaufort, and *James B. Richardson,* Columbia, *for respondent.*

Heard Nov. 4, 1992; Decided Dec. 7, 1992.

Reh. Den. Dec. 30, 1992.

GARDNER, Judge:

Frances Pinckney (Pinckney) sued Winn-Dixie Stores, Inc. (Winn-Dixie) in negligence for damages resulting from a slip and fall on poinsettia leaves in one of its Beaufort stores. The jury awarded Pinckney actual damages of $2,200. At the conclusion of trial, the trial judge denied Winn-Dixie's motion for a directed verdict and judgment notwithstanding the verdict on the liability issue and granted Pinckney's motion for a new trial on damages only. Winn-Dixie appealed. In the second trial, the jury returned a verdict for Pinckney in the amount of $16,000. Winn-Dixie appealed again and the cases were consolidated. We affirm in part, vacate in part, and remand for a new trial on damages.

## DISCUSSION

On appeal, Winn-Dixie argues that the trial judge erred in: 1) refusing to direct a verdict in its favor based on Pinckney's failure to introduce any evidence of Winn-Dixie's knowledge of a foreign substance on its floor; 2) granting a new trial based on the inadequacy of the verdict; and 3) granting a new trial on damages alone.

First, Winn-Dixie argues that the trial judge erred in refusing to direct a verdict in its favor. In reviewing the denial of a directed verdict motion on the issue of liability, we must consider the evidence in a light most favorable to Pinckney. In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to the corrections of errors of law. *Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E. (2d) 773 (1976).

While a merchant is not an insurer of the safety of his customers, he or she has a duty to exercise due care to keep his premises in a reasonably safe condition. *Shipes v. Piggly Wiggly,* 269 S.C. 479, 238 S.E. (2d) 167 (1977). To avoid a directed verdict in a slip and fall case, the plaintiff has the burden of presenting evidence from which a

reasonable inference can be drawn that the storekeeper was responsible for creating the hazard which caused the fall or that he or she had actual or constructive knowledge of the existence of the hazard. *E.g., Wimberly v. Winn-Dixie*, 252 S.C. 117, 165 S.E. (2d) 627 (1969). Additionally, whether a defendant provided reasonably safe premises is a question for the jury. *Henderson v. St. Francis Community Hosp.*, 303 S.C. 177, 399 S.E. (2d) 767 (1990), *rev'g* 295 S.C. 441, 369 S.E. (2d) 652 (Ct. App. 1988).

The poinsettia display was placed on a make-shift shelf adjacent to the aisles in the store. From this position, as the poinsettias shed leaves, they fell to the floor of a highly traveled aisle near the store entrance. There is evidence of record from which the jury might well have inferred that the store manager observed the poinsettia leaves falling to the floor and the the leaves were left on the floor until the next periodic sweeping. Similarly, there is evidence that when a poinsettia leaf is removed from the plant, it secretes a "milky substance." From the evidence of record, it is also inferable that, under the situation there existing, the falling to the floor of the leaves can be likened to a leaking faucet.

The evidence of record supports the proposition that the manager, in his capacity as agent of Winn-Dixie, created a dangerous situation by which poinsettia leaves were placed in the aisle and proximately caused Pinckney's injury. We hold that a jury could have reasonably inferred that the store manager had knowledge of the potential hazard created by the continuous presence of leaves on the floor in the area of the display, and that he was negligent in failing to put up a warning sign or move the display to a safer location. *See, id.* Accordingly, we hold that the trial judge did not err in denying the directed verdict motion.

Next, Winn-Dixie argues that the trial judge erred in setting aside the jury's verdict on damages and granting Pinckney a new trial based on the inadequacy of the verdict.

Winn-Dixie contends that the only standard available to a judge in setting aside an excessive or inadequate verdict is whether the verdict is so "shocking" that it manifestly shows that the jury was actuated by considerations outside the evidence or jury instruction. *See Toole v.*

*Toole*, 260 S.C. 235, 195 S.E. (2d) 389 (1973). To the contrary, there are two additional grounds, other than the "grossly inadequate" standard, for setting aside the jury's verdict and granting a new trial. If an award is merely inadequate or unduly liberal, the trial judge has the discretion to grant a new trial nisi additur or a new trial absolute. *Easler v. Hejaz Temple*, 285 S.C. 348, 329 S.E. (2d) 753 (1985). A trial judge may also set aside a verdict and grant a new trial based solely on the judge's view of the evidence; this standard is known as the "thirteenth juror" standard. *Folkens v. Hunt*, 300 S.C. 251, 387 S.E. (2d) 265 (1990).

■ The trial judge made the following statement when he set aside the jury's verdict on damages:

Well the value of the evidence on damages the jury heard rests in their discretion. I listened to all of it, I had an opinion of my own on the value of the case. Shocking, I guess, rests in the psychic of the individual Judge. Not many things shock me. . . . I don't know what it means. I think that it is not equitable to allow the monetary award to stand. It is, I think also not equitable that I arbitrarily decide who I'm going to believe on the question of damages. . . . The issue of damages, I'm going to set aside.

Based on the trial judge's statement, we hold the trial judge applied the "thirteenth juror" standard. Under this standard, the judge is allowed to take his own view of the evidence and set aside the verdict without making any factual findings to justify his decision. *Id.* We hold, therefore, that it was within the trial judge's discretion to set aside the jury verdict and to grant a new trial on the damages issue, and we further hold, that he did not abuse that discretion.

■ Additionally, Winn-Dixie contends that the trial judge erred by granting Pinckney's motion for a new trial on damages alone.

The test to determine whether a court may grant a new trial on a single issue was announced in *Industrial Welding Sup-plies v. Atlas Vending Co., Inc.*, 276 S.C. 196, 277 S.E. (2d) 885 (1981) *overruling South Carolina Elec. and Gas Co. v. Aetna Ins. Co.*, 233 S.C. 557, 106 S.E. (2d) 276 (1958). "[W]here there are distinct jury issues, and the issue as to which a new trial is required is separate from all other issues,

and the error requiring new trial does not affect the determination of any other issue, the scope of new trial may be limited to the single issue." *Id.* 276 S.C. at 201, 277 S.E. (2d) at 887. Contrary to Winn-Dixie's contention, we hold in the present case, as the Court did in *Industrial Welding,* that "the question of damages is indeed distinct and separate from the question of liability." *Id.* Accordingly, we hold that the trial judge did not err in granting a new trial on damages.[1]

While we affirm the trial judge's authority to set aside the verdict and grant a new trial, we hold that he did not have jurisdiction to conduct the second trial. Pinckney claims, and Winn-Dixie concedes, that the trial judge had jurisdiction over the second trial because an order granting or denying a new trial is nonappealable. It is well settled that the trial court is not deprived of jurisdiction when a Notice of Intent to Appeal from a nonappealable order is filed. *McDaniel v. Atlantic Coast Line R.R. Co.,* 76 S.C. 189, 56 S.E. 956 (1907).

However, in *South Carolina State Highway Dep't v. Clarkson,* the Court noted, "Most of our decisions say that [an order granting or denying a new trial] is not appealable; some that it is subject to review to determine whether the discretion has been abused. . . . the principle consistently applied in all of the cases has been that the decision by the trial judge will not be disturbed unless his finding is wholly unsupported by the evidence, or the conclusion reached has been controlled by error of law." 267 S.C. 121, 126, 226 S.E. (2d) 696, 697 (1976). We hold that *Clarkson* is authority that the case law does not preclude an appeal from an order granting or denying a new trial, but simply severely limits the scope of appellate review in such cases. *See also Toole v. Toole,* 260 S.C. 235, 195 S.E. (2d) 389 (1973) (in an appeal from a denial of motion for a new trial based on an excessive or inadequate verdict, it is the duty of the Supreme Court to review and determine whether there is an abuse of discretion); *Jones v. Ingles Supermarkets, Inc.,* 293 S.C. 490,

---

[1] S.C. Code Ann. § 15-33-125 (Supp. 1991) does not apply to this case because the slip and fall occurred on December 22, 1987 and the new statute is only applicable to causes of action arising on or after April 5, 1988.

361 S.E. (2d) 775 (Ct. App. 1987) (held that trial judge, sitting as "thirteenth juror," did not abuse discretion in granting new trial nisi additur based on inadequacy of jury verdict). Moreover, the Supreme Court combined the appeals for the purpose of review; therefore, the granting of the motion for a new trial is appealable in this instance.

Winn-Dixie's appeal from the order granting a new trial on the damages fell within the old Supreme Court rules.[2] At that time, Supreme Court Rule 41 § (1)(A), provided, "every appeal taken to the Supreme Court from a judgment, decision, or decree shall automatically operate as ... a stay of further proceedings in the court below upon the judgment appealed from during the pendency of the appeal."

Furthermore, the present action is an appeal from the judge's denial of Winn-Dixie's motion for a directed verdict on liability and his granting of Pinckney's motion for a new trial on damages. The issue of damages was obviously affected by this appeal. The trial court, therefore, did not have jurisdiction to conduct the new trial on damages; this matter was within the exclusive jurisdiction of the Supreme Court at the time of the new trial. Thus, we vacate the verdict in the new trial and remand for a second new trial on damages only.

## CONCLUSION

We hold that there is evidence of record from which a reasonable inference of liability may be drawn and, therefore, we hold that the trial judge did not err in denying Winn-Dixie's motion for a directed verdict. We also hold that the trial judge did not err in setting aside the jury's verdict on damages or in granting a new trial on damages alone. Additionally, we hold that the trial court did not have jurisdiction to conduct a second trial, and accordingly, we vacate the verdict in the second trial and remand the case for a new trial on damages.

Affirmed in part, vacated in part, and remanded.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.

---

[2] Winn-Dixie served and filed a Notice of Intent to Appeal rulings in the first trial on August 31, 1990. The new appellate rules became effective September 1, 1990.