2188

FLEETGUARD, INC., and Atlantic Mutual Insurance Company,
Respondents v. DIXIE BOX AND CRATING CO., Appellant.

(445 S.E. (2d) 459)

Court of Appeals

*Harry O. Shaw, III,* Charleston, *for appellant.*

*Stephen P. Groves* and *Sally H. Rhoad,* of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondents.*

Submitted May 10, 1994.

Decided May 23, 1994.

*Per Curiam:*

This is a bailment action. Fleetguard, Inc. and Atlantic Mutual Insurance Company[1] sued Dixie Box and Crating Co. for damages to goods owned by Fleetguard and in the custody of

---

[1] Collectively referred to as "Fleetguard."

Dixie Box. The circuit court awarded Fleetguard the value of the goods. Dixie Box appeals. We affirm.

Fleetguard, located in Tennessee, is a manufacturer of filter paper. Dixie Box, located in Charleston, packages merchandise cargo for transportation, mostly for export. Fleetguard entered into an agreement with Dixie Box to package nine rolls of its filter paper in a moisture-proof barrier for international shipment to China. Dixie Box received the paper from Fleetguard in July, 1986, and placed it in its warehouse. In August, 1986, prior to the packaging and shipment of the paper, a fire occurred at the Dixie Box facility. Fleetguard's paper was damaged by smoke and water and has no salvage value. Fleetguard brought this bailment action to recover the value of the paper.

The circuit court held Dixie Box failed to rebut a presumption of negligence in its care of Fleetguard's paper and awarded Fleetguard $21,012.87, the value of the paper.

On appeal, Dixie Box's sole argument is that it used reasonable care in storing Fleetguard's paper.

Fleetguard made out a prima facie case by showing that it delivered the paper to Dixie Box in good condition and that Dixie Box returned the paper in a damaged condition. The burden then shifted to Dixie Box to prove that it exercised ordinary care in the storage and safekeeping of the paper. *Industrial Welding Supplies, Inc. v. Atlas Vending Company*, 276 S.C. 196, 277 S.E. (2d) 885 (1981); *Arkwright Mills v. Clearwater Manufacturing Company*, 217 S.C. 530, 61 S.E. (2d) 165 (1950). Whether Dixie Box exercised ordinary care was a question of fact, in this case, for the circuit judge sitting without a jury. *Fortner v. Carnes*, 258 S.C. 455, 189 S.E. (2d) 24 (1972); *Arkwright Mills, supra.* Because this was an action at law, tried without a jury, this Court will not disturb the circuit court's finding on this issue if there is any evidence to support it. *See Watson & Howell Builders v. Billingsley,* — S.C. —, 425 S.E. (2d) 43 (Ct. App. 1992).

To show it had exercised reasonable care to prevent loss from fire, Dixie Box introduced evidence that it .equipped the warehouse with fire extinguishers. The warehouse had no night watchman or guard. Moreover, a Dixie Box employee testified that although the warehouse had a burglar alarm, he was "not sure it included fire." There

is no other evidence that the warehouse was equipped with a fire alarm system or any other fire safety device.

We find the evidence supports the circuit court's finding that Dixie Box failed to rebut the presumption that it was negligent in the care of Fleetwood's paper.

Affirmed.

BELL, GOOLSBY and CONNOR, JJ., concur.